PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:21-MC-00069-MCE-JDP |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| CHARTER ARMS SHELTON, CT (CHARTER 2000) PINK LADY OFF DUTY REVOLVER, CAL:38, SN:16-30988, | |
| WALTHER P22 CA PISTOL, CAL:22, SN: WA272924, | |
| PISTOL, UNKNOWN MANUFACTURER, UNKNOWN TYPE, CAL: UNKNOWN, SN: NONE, AND | |
| F.N. (FN HERSTAL) FIVE-SEVEN PISTOL, CAL: 57, SN:386313842, | |
| Defendants. | |

Pursuant to the fully executed Stipulation for Consent Judgment of Forfeiture (ECF No. 20, the Court finds:

1.  On or about October 6, 2020, agents with the Drug Enforcement Administration ("DEA") seized the Charter Arms Shelton, CT (Charter 2000) Pink Lady Off Duty revolver, CAL:38, SN:16-30988; Walther P22 CA pistol, CAL:22, SN: WA272924; pistol, unknown manufacturer, unknown type, CAL: unknown, SN: none; and F.N. (FN Herstal) Five-Seven pistol, CAL: 57, SN:386313842 (hereafter

1

"defendant firearms") pursuant to a federal search warrant.  The DEA transferred custody of the firearms and ammunition to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

2. ATF commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about December 6, 2020, ATF received a claim from Elton Ward ("claimant" or "Ward") asserting an ownership interest in the defendant firearms.

3. The United States represents that it could show at a forfeiture trial that during 2019 and 2020 DEA received information that Ward of Roseville, California was involved in distributing large amounts of multiple drugs including marijuana, cocaine, and fentanyl tablets.  Information received during the investigation revealed that Ward's Wells Fargo bank accounts had received cash deposits of several hundreds of thousands of dollars in amounts consistent with money structuring in out of state branches, primarily Mississippi, which Ward would then withdraw in California.  These deposits and transfers were predominantly made by an individual in Mississippi who was subsequently arrested and convicted on federal drug charges.  Law enforcement also determined that Ward appeared to have no verifiable income.  Law enforcement found more than 100 multiple gallon clear plastic bags containing marijuana residue and shipping receipts in a search of Ward's trash.  Each bag was consistent with packaging commonly used to package one pound of marijuana.  Investigation determined Ward owned several high-end vehicles and purchased a newly built house in Roseville, California for $540,000.00 in February of 2020.

4. The United States represents that it could further show at a forfeiture trial that on October 6, 2020, a federal search warrant was executed at Ward's residence in Roseville, California.  Ward, his wife Jacqueline Pineda Ward, and their four minor children were relocated to the downstairs living room.  Law enforcement displayed a copy of the search warrant to Ward and his wife.  Law enforcement then accompanied Ward to the downstairs front office and read him his *Miranda* rights.  Ward stated that when law enforcement had entered his residence, he had not heard them yelling Police and thought he was possibly being robbed.  Ward went to the safe located in the closet of the master bedroom and had opened the safe and removed a FN 5.7x28mm pistol and had started towards the upstairs landing but then realized it was in fact the Police and had thrown the pistol back towards his bed.

2
Consent Judgment of Forfeiture

5. The United States represents that it could further show at a forfeiture trial that Ward stated that he had a large amount of cash in the safe as well as some additional firearms. Ward subsequently provided the code to the safe and assisted law enforcement in opening the safe. Ward said initially that he believed he had more than $40,000.00 in cash in a bag in the safe and later said it could be as much as $54,000.00. The cash was found and subsequently determined to be $61,502.00. Ward also said he had quite a bit of jewelry in the safe and in the master bedroom.

6. The United States represents that it could further show at a forfeiture trial that Ward stated he did music event promotion for a living. Law enforcement told Ward that the reason they were at his home was because they believed he was involved in trafficking large amounts of marijuana out of state. A DEA agent displayed a photograph of Bilal Love to Ward and stated that he believed that Ward knew this person from Mississippi and was aware that he had been arrested and convicted on federal drug charges. Ward acknowledged knowing Love and being aware that he was in federal prison. The agent displayed records of deposits made into Ward's Wells Fargo bank accounts by Love during 2017 and 2018, prior to his federal arrest, and the subsequent withdrawals by Ward. The agent told Ward that it was his belief that Love was sending Ward drug proceeds in amounts under $10,000.00 to avoid the reporting requirements. Ward admitted that this activity had occurred, said he knew he was in trouble, and wanted to get the best deal he could.

7. The United States represents that it could further show at a forfeiture trial that the DEA agent told Ward that despite the activity with Love ending in 2018, the agent believed Ward had continued to traffic in marijuana and possibly other drugs through 2019 and 2020 as he had been routinely posting Instagram photos and videos in which he had large amounts of cash. The agent displayed some of the captured images to Ward. Ward admitted he had been selling "packs", e.g., pounds of marijuana, but claimed he had not been doing as much in the last couple of months and currently only had five pounds of marijuana left in the house. Ward pointed out a duffel bag a short distance away in the closet to the office and said he had a few packs in there and a couple upstairs in the master bedroom closet. The agent noticed a money counter, a vacuum heat sealer, a digital scale, and a stack of U.S. Postal Service mailing envelopes in the office. Ward admitted that he possessed these items in furtherance of his marijuana trafficking.

Consent Judgment of Forfeiture

8. The United States represents that it could further show at a forfeiture trial that Ward stated he had withdrawn the $61,502.00 in his safe from his Golden 1 account recently so he could display it online. Ward admitted that he had purchased both the 2018 Cadillac Escalade and the 2014 Maserati parked outside the residence the previous year. He said he did not owe anything on the Cadillac and had purchased it in Mississippi because it was cheaper in that state, but that he still owed over $25,000.00 on the Maserati. The agent asked Ward if he had any receipts or pay stubs/checks for legitimate income and Ward indicated that he did not. Ward stated that he had purchased the residence earlier that year (2020) and that he knew that the government could take all his assets because of what he had been doing but hoped the agent would consider leaving his custom jewelry which he had invested a very large amount of money in.

9. The United States represents that it could further show at a forfeiture trial that Ward subsequently went with the agent to the master bedroom and pointed out where he had thrown the FN pistol when law enforcement entered the residence. Underneath the bed the agent found a FN Herstal 5.7x28mm pistol, SN: 386313842 with a loaded magazine and a round in the chamber. In addition to finding the $61,502.00 in cash in the Liberty Brand security safe, the agent found the following firearms and ammunition: an EP Armory .223 rifle, no serial number, with a loaded 100 round barrel drum magazine; a loaded Walther P22 CA pistol, .22 caliber, SN: WA272924, and an accompanying unloaded magazine; a loaded Charter Arms Shelton, CT (Charter 2000) Pink Lady Off Duty Revolver, .38 caliber, SN: 16-30988; and an additional FN 5.7x28mm ammunition magazine and a box of 5.7x28mm ammunition. Law enforcement also found an Iver Johnson's Arms double barrel 12-gauge shotgun with sawed-off barrel and a sawed-off stock converted to a pistol grip and five rounds of 12-gauge ammunition in the kitchen. In addition, they found a box of .40 caliber ammunition and a box of .22 caliber ammunition in a cabinet next to the stove. Law enforcement also found a box of 9mm Sig Sauer brand ammunition in the Cadillac Escalade parked in front of the residence.

10. The United States represents that it could further show at a forfeiture trial that on the floor of the closet immediately to the left of the safe, law enforcement found a white plastic garbage bag containing two large clear plastic knotted bags that each contained approximately one pound of marijuana bud. In a gray duffel bag in the office, law enforcement found three large clear plastic knotted bags that

each contained approximately one pound of marijuana bud.  Law enforcement subsequently spoke with Ward's wife.  She denied knowing about any of the marijuana they found; denied ownership of any money, firearms, or jewelry in the house; and indicated that she did not own the vehicles or the home, had no employment, and that her husband paid for all of the assets.

11. The United States could further show at a forfeiture trial that the defendant firearms are forfeitable to the United States pursuant to 18 U.S.C. § 924(d)(1).

12. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant firearms.  Elton Ward acknowledged that he is the sole owner of the defendant firearms, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant firearms, claimant shall hold harmless and indemnify the United States, as set forth below.

13. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

14. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant firearms were seized.

15. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, the following defendant firearms shall be forfeited to the United States pursuant to 18 U.S.C. § 924(d)(1), to be disposed of according to law:

    a. Charter Arms Shelton, CT (Charter 2000) Pink Lady Off Duty revolver, CAL:38, SN:16-30988,
    b. Walther P22 CA pistol, CAL:22, SN: WA272924,
    c. Pistol, unknown manufacturer, unknown type, CAL: unknown, SN: none, and
    d. F.N. (FN Herstal) Five-Seven pistol, CAL: 57, SN:386313842.

3. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant firearms.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

4. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

5. All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated:  February 24, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE